█ In the Matter of the Arbitration between LIVERPOOL PUBLIC LIBRARY, Appellant, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, A.F.L.-C.I.O., LIVERPOOL PUBLIC LIBRARY UNIT OF ONONDAGA LOCAL 834, Respondent. [899 NYS2d 707]—

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered October 6, 2009 in a proceeding pursuant to CPLR article 75. The order denied the petition for a stay of arbitration.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 75 seeking a permanent stay of arbitration of a disciplinary grievance by respondent on behalf of one of its members, an employee of petitioner, on the ground that the grievance was not arbitrable. Contrary to petitioner's contention, Supreme Court properly denied the petition. Although the question of arbitrability is generally one for judicial determination, here the parties have "evinced a 'clear and unmistakable' agreement to arbitrate arbitrability as part of their alternative dispute resolution choice" in their collective bargaining agree-

ment (CBA) (*Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 46 [1997]; *see generally AT&T Technologies, Inc. v Communications Workers*, 475 US 643, 649 [1986]). Article 8 of the CBA, which governs disciplinary grievance procedures, incorporates by reference the general arbitration procedures set forth in article 7, which governs grievances related to the CBA itself. Pursuant to those procedures, where either party to the CBA alleges that a grievance is not subject, in whole or in part, to arbitration, "the Arbitrator shall be required . . . to rule upon the question of . . . arbitrability in advance of receiving evidence upon any other issue." Inasmuch as that provision is not modified or curtailed by article 8, the court properly denied the petition. Present—Scudder, P.J., Martoche, Fahey, Green and Gorski, JJ.